# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DON'E J. WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:07-CV-176 CAS |
| POPLAR BLUFF REGIONAL MEDICAL CENTER, INC., et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Don'e J. White (registration 513257) for leave to commence this action without payment of the required filing fee. Upon review of plaintiff's account statement, the Court will grant him leave to proceed in forma pauperis and assess him an initial partial filing fee of $3.53. In addition, the Court has reviewed this complaint under 28 U.S.C. § 1915(e)(2)(B), and will dismiss it prior to service of process.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.

See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $17.67, and an average monthly account balance of $.80. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.53, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, an inmate at the Southeast Correctional Center, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983 and "the Healthcare provider rule § 538.225 RSMo." Named as defendants are the Poplar Bluff Regional Medical Center, Inc. (a hospital), Unknown Peterson (a doctor), John Doe (a radiologist), PBRMC, Inc., Bradshaw Funeral Homes, Inc., State of Missouri, and Larry Cotrell (Butler County Coroner).

Plaintiff alleges that defendant Peterson and John Doe carelessly and negligently caused the death of his mother by overexposing her to radiation during chemotherapy treatment. Plaintiff further alleges that defendants conspired to cover-up his mother's wrongful death by sending her body to the Bradshaw Funeral Home, where her body was embalmed, and by not performing an autopsy. Plaintiff also alleges that defendant Cotrell aided in the cover-up by not performing an autopsy which is his duty as the county coroner.

**Discussion**

**Claims brought pursuant to 42 U.S.C. § 1983.**

Plaintiff's § 1983 claims are without merit and should be dismissed. With the exception of defendant Cotrell, none of the defendants are state actors for purposes of § 1983. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). Although a § 1983 action can be maintained against private persons who act in concert with state officials to deprive an individual of federally protected rights, see Adickes v. S.H. Kress and Co., 398 U.S. 144, 152 (1970), plaintiff has failed to allege any facts indicating that defendant Cotrell was even aware of his mother's death much less that he had a "common understanding" suggesting a "meeting of the minds" with the private actors. Id. at 158. Moreover, plaintiff has alleged nothing to indicate that defendant Cotrell deprived him of his

federally-protected rights. Plaintiff's sole allegation as to this defendant is that he failed to do his job as county coroner, because he did not perform an autopsy on his mother. Again, there is no indication that defendant Cotrell even knew of the death of plaintiff's mother, let alone that circumstances existed for him to conduct an investigation into her death pursuant to Missouri statute. See, e.g., Mo. Rev. Stat. §§ 58.260 and 58.451. Even if such circumstances did exist, they do not automatically require an autopsy. Moreover, any failure on the part of defendant Cotrell to follow Missouri law would be a state law violation which is not actionable under § 1983 action. See Bagley v. Rogerson, 5 F.3d 325, 328-29 (8th Cir. 1993); Meis v. Gunter, 906 F.2d 364, 368-69 (8th Cir. 1990). Last, because diversity of citizenship is lacking, the Court will not construe this action as arising under 28 U.S.C. § 1332.

### Claims brought pursuant to Missouri state law.

To the extent that plaintiff is attempting to assert state-law claims, including a wrongful death claim, the Court will decline to exercise jurisdiction over them. Where federal claims in an action have been dismissed, district courts may decline jurisdiction over state claims as a "matter of discretion." 28 U.S.C. § 1367(c)(3); Hassett v. Lemay Bank and Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988). The Supreme Court has stated that if "the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 2]

4

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $3.53 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for the filing of the instant complaint.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot. [Doc. 4]

An appropriate order of dismissal shall accompany this order and memorandum.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   7th   day of January, 2008.